UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DERRICK ALLEN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-00277 (UNA) |
| ) | |
| ) | |
| KELDA DAVIS AVON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a complaint and an application to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP application and dismisses the complaint.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, *id*. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id*. § 1332(a). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, an unhoused citizen of Washington, D.C., sues his son's mother whom he identifies as a citizen of North Carolina. Compl., ECF No. 1 at 2. Plaintiff alleges, to the extent intelligible, that Defendant "plotted to frame" him and "kept" him "from legally getting a firearm." *Id*. at 3-4. Plaintiff suggests that while he was incarcerated in North Carolina, Defendant prevented him from bonding with his son, forged his name, and stole his mail. *Id*. at 4.

As the basis of jurisdiction, Plaintiff checks the box for diversity jurisdiction but also cites the First, Second, and Fourth Amendments. *Id*. at 2. Because the complaint does not involve governmental action, any claim arising under the Constitution fails. *See Woytowicz v. George Washington University*, 327 F. Supp. 3d 105, 115 (D.D.C. 2018) ("[I]n order to raise a constitutional claim against a private [person], a plaintiff must allege that the . . . individual was a state or governmental actor or was engaging in state or government action.") (collecting cases)).

To establish diversity jurisdiction, Plaintiff sets the amount in controversy at "seven billion." Compl. at 3. He actually seeks "Gun rights, to be with [his] son or son(s), and [to] be compensated" generally. *Id*. (Relief). Nevertheless, a court may dismiss a diversity action when, as here, it "appear[s] to a legal certainty that the claim is really for less than the [required] jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Plaintiff does not "articulate either the required factual or legal bases for [any] relief," *Karim-Panahi v. U.S. Cong., Senate & House of Representatives*, 105 F. App'x. 270, 274 (D.C. Cir. 2004) (per curiam), much less for an amount exceeding $75,000. Consequently, this case will be dismissed by separate order.

Date: April 8, 2025

_____/s/_____
TANYA S. CHUTKAN
United States District Judge